# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

SEBASTIAN CHAPMAN,                )
                                  )
Plaintiff,                        )
                                  )
    vs.                           )    CAUSE NO. 3:12-CV-797
                                  )
MIAMI CORRECTIONAL                )
FACILITY, *et al.*,               )
                                  )
Defendants.                       )

## OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the Court **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b), all claims that the Defendants violated the Plaintiff's federally protected rights, and **REMANDS** the complaint to the Miami Circuit Court for consideration of the Plaintiff's state law claims.

BACKGROUND

Sebastian Chapman, a prisoner confined at the Miami Correctional Facility ("MCF"), filed a complaint in the Miami Circuit Court, asserting a state law claim that the Miami Correctional Facility is a racketeer influenced and corrupt organization and that two defendants committed libel against him (DE 1 at 5). His complaint also contains Federal law claims that Aramark Food Services Corporation ("Aramark") is responsible for the actions of a former employee who he alleges retaliated against

him by ordering that he be removed from his food service job and that three correctional officers violated Chapman's Fourteenth Amendment due process and equal protection rights (DE 1 at 4-5). . The Defendants are the Miami Correctional Facility, Aramark, and Correctional Officers Fewell, Mieves, and Heishman. The Defendants removed the complaint to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. The Plaintiff has since filed a supplemental complaint, stating facts that occurred after he filed his original complaint, and reasserting his federal and state law claims against Defendant Heishman.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Because Chapman is a prisoner as defined in § 1915A and four of the defendants he seeks redress from are governmental entities or officials, § 1915A requires this Court to screen Chapman's complaint even though he originally filed it in state court.

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule

2

12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 662, 698 (2007). In the context of *pro se* litigation, the Supreme Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

The Plaintiff's federal claims arise under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution

or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

CLAIMS AGAINST THE MIAMI CORRECTIONAL FACILITY

Chapman names the Miami Correctional Facility as a defendant. But his claim against the MCF is precluded by the Eleventh Amendment, which bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Indiana Department of Correction and its facilities, as well as to the State itself. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

CLAIMS AGAINST ARAMARK FOOD SERVICES CORPORATION

Chapman names Aramark Food Service Corporation as a defendant, alleging that a former Aramark Employee named Wakefield "retaliated against plaintiff for performing a lawful act when she instructed S. Fewell to remove plaintiff from food service and violated plaintiff's right to substantive due process under the 14th Amendment" (DE 1 at 4). Chapman does not name Wakefield as a defendant, but states that "Aramark is liable for failing to ensure

its employee was aware of plaintiff's rights in the prison context"

(DE 1 at 4).

Chapman seeks monetary compensation and punitive damages from the Defendants, including Aramark (DE 1 at 6). Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). Section 1983 defendants "are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Accordingly, Chapman may not sue Aramark for Damages based on the actions of its former employee, Wakefield.

CLAIMS AGAINST DEFENDANTS FEWELL, MIEVES, AND HEISHMAN

Chapman asserts that Correctional Sergeant Fewell removed him from food service at Wakefield's request, and that Correctional Lieutenant Mieves then discharged him from his job assignment in food services. He alleges that Lieutenant Mieves violated his

5

Fourteenth Amendment right to due process when he filled out the Report of Classification hearing form without giving plaintiff an actual hearing" (DE 1 at 4). Finally, Chapman alleges that Sergeant Heishman violated his Fourteenth Amendment equal protection and due process rights "when he issued a denial in perpetuity for plaintiff's request for a hearing for the opportunity to be reclassed to a job he qualified for that was available to the general population" (DE 1 at 4-5), and that Defendant Heishman denied him "the right to due process on August 7, 2012, when he failed to give Plaintiff an actual reclassification hearing to be reclassified to food service; that was a 14th Amendment violation" (DE 17 at 2).

Chapman states no claim under the Fourteenth Amendment's due process clause because prisoners have no constitutionally protected liberty or property interest in a particular prison job assignment. *Bulger v. U.S. Bureau of Prisons,* 65 F.3d 48, 49 (5th Cir. 1995); *see also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). An inmate's expectation of obtaining or keeping a specific prison job does not implicate a protected property interest. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d at 50.

Chapman also states no claim upon which relief can be granted under the Fourteenth Amendment's equal protection clause, which provides that "no State shall . . . deny to any persons within its jurisdiction the equal protection of laws."  The equal protection

6

clause does not require absolute equality or precisely equal advantages. *McCalvin v. Fairman*, 603 F.Supp. 342, 346 (C.D. Ill. 1985), citing *French v. Heyne*, 547 F.2d 994, 997 (7th Cir. 1976). There is no constitutionally protected right to a prison job, and a mere inconsistency in prison management, such as selecting some inmates for jobs while not selecting others, does not in itself state an equal protection claim. *McCalvin v. Fairman*, 603 F.Supp. at 346; *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978). The equal protection clause precludes prison officials from denying a prisoner job opportunities based on race or ethnicity. *Black v. Lane*, 824 F.2d 561, 562 (7th Cir.1987) (A black inmate stated a cause of action by alleging racial discrimination in the assignment of prison jobs). But Chapman does not allege that the Defendants removed him from his job or refused to rehire him based on his race or ethnicity.

STATE LAW CLAIMS

The Plaintiff's remaining claims arise under state law (DE 1 at 5-6). Pursuant to 28 U.S.C. § 1367, which codified the pendent jurisdiction doctrine, federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." Federal courts, however, generally should relinquish supplementary jurisdiction over state law claims when all federal claims are dismissed before trial. *See* 28 U.S.C.

§ 1367(c)(3). That course is appropriate here because the Court is dismissing all of the Plaintiffs' federal claims. Accordingly, this Court declines to retain supplemental jurisdiction over the Plaintiffs' state law claims, and will remand the case to the state court to deal with those claims.

CONCLUSION

For the foregoing reasons, the Court **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b), all claims that the Defendants violated the Plaintiff's federally protected rights, and **REMANDS** the complaint to the Miami Circuit Court for consideration of the Plaintiff's state law claims.

**DATED: January 30, 2013**              /S/RUDY LOZANO, Judge
                                         **United States District Court**

8